LINDEMAN & COMPANY, A CORPORATION, APPELLANT, v. EDWARD M. WALDRON, INCORPORATED, A CORPORATION, OR JACK FRANK, OR THE TRUSTEES OF THE YOUNG MEN'S AND WOMEN'S HEBREW ASSOCIATION, A CORPORATION, OR MILTON ADLER, IN THE ALTERNATIVE, RESPONDENTS.

Submitted February 12, 1926—Decided May 17, 1926.

In a suit brought against a contracting company for coal delivered to a building being erected by it, it conclusively appeared that the president of the company forbade F., who was the architect of the building, to order any coal for the company's account; that the coal was charged on plaintiff's books to F., who signed a major part of the delivery receipts; that none of the delivery

receipts were signed by the defendant company, or on its behalf, and that the bills for the coal were delivered to the architect, a judgment of nonsuit on these facts was proper.

---

On appeal from the Essex County Circuit Court.

For the appellant, *William Harris* (*Israel B. Greene*, of counsel).

For the respondent Edward M. Waldron, Incorporated, *William K. Flanagan.*

The opinion of the court was delivered by

KALISCH, J.  There was a judgment of nonsuit awarded in the court below in favor of the defendant below.  The appellant's only ground of appeal relied on by it for a reversal of the judgment reads: "That the trial court directed a judgment of nonsuit against the plaintiff in favor of the defendant Edward M. Waldron, Incorporated, when thereunto moved by counsel for said defendant, whereas said court should have denied said motion and should have submitted to the jury for decision the questions involved in the issues."

The ground of appeal is indefinite, since it does not point out in what particular respect the judgment of nonsuit was erroneous.

In examining into the merit of the appeal and turning to the record, we find that the nonsuit was grantetd upon the ground that there was no evidence to charge the defendant Edward M. Waldron, Incorporated, for payment of coal, for which the action was brought against it by the plaintiff. This, of course, requires a consideration of the testimony as to whether or not it presented any issuable fact which was for the jury to determine, in so far as the inability of the Waldron company was concerned.

The facts are, briefly, these: The plaintiff company engaaged in the business of selling coal, brought its action against the defendant Waldron company to recover from it

$1,185.25 for coal delivered to the Young Men's Hebrew Association Building, High and West Kinney streets, Newark, New Jersey.

Prior to 1924, the Waldron company found it necessary under its contract to make a test of the heating plant, and to accomplish the purpose it bought ten tons of coal from the plaintiff, and paid for the coal. After the defendant had made the test, it, by its president, on December 31st, 1923, wrote a letter to Mr. Grad, the architect of the building, as follows: "Will you kindly make arrangements with the owners to provide temporary heat for the building, as we feel that the necessary test has been made now, and we will, therefore, have to ask you to provide for all further temporary heat." The text of the letter is supplemented by the testimony of Mr. Waldron, who was called as a witness on behalf of the plaintiff, which testimony was as follows: "The Young Men's Hebrew Association wanted to expedite the completion of the building. They wanted me to do the heating. I forbade Mr. Frank ordering any coal after testing, and proof of the heating was certified by the engineer. It was up to the Y. M. H. A. to heat it."

Mr. Frank was the defendant's hoisting engineer and was supervising the job, the foreman of the carpenters being E. Waldron, a cousin of the witness. The proof is that the coal, which is the subject-matter of controversy between the parties, was delivered and received at the building, between January 7th and April 10th, 1924, while the building was still in process of construction, but after the defendant Waldron company had written the letter to the architect above referred to, and after it had forbidden Mr. Frank to order any more coal. Twenty-two receipts of coal, as it was being delivered at the building, were signed by J. Frank, and the rest by various other persons.

The president of the plaintiff corporation produced its book of account, and he was asked on cross-examination: "That is the account of J. Frank, is it not?" "*A.* Yes, sir." "*Q.* That shows delivery of coal from January 7th, 1924, to April 9th, 1924?" "*A.* Yes, sir." "*Q.* And it shows the ac-

count of J. Frank?" "*A.* It says J. Frank, E. M. Waldron Company." "*Q.* When was that put on?" "*A.* The coal was charged to Mr. Frank, but it is just a bookkeeper's memorandum." This witness further testified that he made out delivery slips for coal sent by his company to E. M. Waldron Company or for any coal that the latter company was interested in to E. M. Waldron, Incorporated; that this was the universal practice of the company; that up to the end of December, 1923, he sent slips, which were followed later by bills for coal to the Young Men's Hebrew Association, and afterwards to the Waldron company; that after December 31st, 1923, he sent a slip for every delivery that was made to J. Frank, and sent monthly bills to him at his home address.

When the case for the plaintiff was closed and the motion for a nonsuit was made, the trial judge was confronted with this situation: Mr. Waldron's undisputed testimony that, in December, 1923, he forbade J. Frank to order any more coal on the Waldron company's account; with Mr. Waldron's letter of December 31st, 1923, addressed to and received by the architect of the building, to the effect that the heating of the structure in the future was to be done by the owners of it; with the plaintiff's book account showing an account for coal delivered to the building in question, between January 7th and April 10th, 1924, charged to J. Frank; with receipts for the coal, the major part of which, signed by J. Frank, and none of which was signed by the Waldron company or in its behalf; with the plaintiff's testimony that the bills for the coal delivered were sent to J. Frank. Thus, it is manifest that, not only was there no factual question for the jury to determine, and giving a most favorable consideration of the plaintiff's claim and of the testimony adduced to support it, the plaintiff's evidence established conclusively that the Waldron company incurred no legal obligation for the coal delivered by the plaintiff to the building in question, in January, 1924, and, therefore, the judgment of nonsuit was proper.

Judgment is affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, White, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 13.

*For reversal*—None.